

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2009

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1596

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lin v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1196.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1196

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1596
_____

QING XIA LIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A95-710-388)
Immigration Judge:  Honorable Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2009

Before: BARRY, SMITH and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 11, 2009 )
_____

OPINION
_____

PER CURIAM

Qing Xia Lin petitions for review of the Board of Immigration Appeals' ("BIA")

January 30, 2008 order affirming the Immigration Judge's ("IJ") denial of her application

for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the reasons that follow, we will grant the petition and remand for further proceedings I.

Lin, a 22-year-old native and citizen of the People's Republic of China, entered the United States without valid entry documents in June 2005. The Department of Homeland Security ("DHS") interviewed her upon her arrival and, a few days later, initiated removal proceedings against her pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). Lin conceded removability and, in August 2005, applied for asylum, withholding of removal, and relief under the CAT.

In a May 2006 hearing before the IJ, Lin testified that, from 2002 to 2004, she distributed flyers in China promoting the practice of Falun Gong. According to Lin, the Chinese police visited her home in 2004 and arrested her parents for practicing Falun Gong. Although Lin was not in her house at the time of the arrest – she testified that, at the time of the arrest, she was on her family's farm, which was near the house – she learned that the police had issued a charge against her as well. In light of these events, she stopped attending school and hid in relatives' homes until traveling to the United States. She further testified that, when she telephoned her grandfather earlier in 2006, he told her that her parents had not been released and that the police occasionally inquired about her whereabouts.

The IJ denied Lin's requests for relief, concluding that her testimony lacked

2

credibility because of discrepancies between Lin's statements during the DHS interview and her hearing testimony. In January 2008, the BIA affirmed the IJ's decision "insofar as he denied the respondent's applications for asylum, withholding of removal, and protection under the Convention Against Torture." BIA Order at 1. The BIA's decision further stated that

> [t]he respondent's claim is based upon her assertion that she distributed Falun Gong flyers in China and that her parents were arrested and released because they were practitioners. The respondent herself was never harmed, arrested, detained, or interrogated on account of Falun Gong in China. Although we accept the truth of the respondent's assertion that she presently practices Falun Gong in the United States, we conclude in the circumstances that she is unable to demonstrate either past persecution or a well-founded fear of future persecution to qualify for asylum, or to satisfy the higher burden of proof for withholding of removal. In addition, we find no support in the record that the respondent has been or would likely be tortured by or with the acquiescence of a government official, and therefore she is not eligible for protection under the Convention Against Torture. Therefore, we are unable to determine that the Immigration Judge's findings of fact were clearly erroneous.

Id. (citations omitted). Lin now petitions this Court to review the BIA's decision.

II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252. To conduct this review, we must have sufficient insight into the reasoning underlying the BIA's decision. Awolesi v. Ashcroft, 341 F.3d 227, 232 (3d Cir. 2003). In this case, however, the BIA's decision fails to provide this necessary insight.

3

Although the IJ's decision turned solely on Lin's lack of credibility, the BIA did not expressly indicate whether it agreed with this adverse credibility determination. It may be noteworthy that the BIA affirmed only insofar as the IJ denied Lin's requested relief. One might interpret this holding to mean that the BIA implicitly rejected some or all of the basis for the IJ's denial. Indeed, the BIA stated that it *believed* Lin's assertion that she practiced Falun Gong in the United States. Yet the BIA also concluded that the IJ's factual findings were not clearly erroneous, a holding that does not imply a rejection of the IJ's adverse credibility determination.[1]

To further complicate matters, it appears that the BIA might have considered Lin's claim at face value and rejected it on the merits. Indeed, the BIA, noting that Lin "was never harmed, arrested, detained, or interrogated," stated that she had failed to demonstrate past persecution, a well-founded fear of future persecution, or likely torture under the CAT. Yet if the BIA did intend to affirm on this basis, it must further explain its reasoning for doing so. That is, if the BIA believed Lin's account that she was forced to flee from her home in the wake of her parents' arrest to avoid being arrested herself, it must explain why these circumstances do not demonstrate a well-founded fear of future persecution – especially given that Lin claimed that her parents remained in custody and

---

[1] In the second paragraph of its decision, the BIA noted that, although Lin's claim was governed by the REAL ID Act of 2005, her argument that the IJ erred was based primarily on pre-REAL ID Act authority and cases outside of this Circuit. Although this portion of the BIA's decision *may* suggest that the BIA was analyzing the IJ's adverse credibility determination, the BIA's conclusion on this issue remains unclear.

that the police continued to inquire about her whereabouts, points that the BIA did not address in its decision.[2] See Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993) (stating that "persecution" includes confinement).

Despite our best efforts to interpret the BIA's decision, we cannot confidently identify the precise basis on which the BIA affirmed the IJ's ruling. Moreover, the parties appear to disagree as to the basis of the BIA's affirmance.[3] "When deficiencies in the BIA's decision make it impossible for us to meaningfully review its decision, we must vacate the decision and remand so that the BIA can further explain its reasoning." Kayembe v. Ashcroft, 334 F.3d 231, 238 (3d Cir. 2003). Accordingly, we will grant Lin's petition for review and remand the matter to the BIA for further proceedings.

---

[2] In fact, the BIA's decision stated, incorrectly, that Lin asserted that her parents *had* been released from custody.

[3] Lin contends that the BIA declined to adopt the IJ's adverse credibility finding and rejected her claim on the merits, whereas the Government maintains that the BIA affirmed the IJ's adverse credibility finding.

5.